IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EARTHCAM, INC.**, a Delaware corporation; | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **CIVIL ACTION**<br>)<br>) **FILE NO. 1:11-CV-02278-WSD** |
| **OXBLUE CORPORATION**, a Georgia corporation;<br>**CHANDLER McCORMACK**, Individually;<br>**JOHN PAULSON**, Individually; and **BRYAN MATTERN**, Individually; | )<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants. | )<br>) |

**JOINT DETAILED DISCOVERY PLAN**

Pursuant to the Court's October 20, 2011, correspondence, the parties jointly propose this following Discovery Plan to be conducted prior to March 30, 2012:

**DESCRIPTION OF THE CASE**

Plaintiff EarthCam, Inc. ("EarthCam") brought suit against OxBlue Corporation ("OxBlue"), Chandler McCormack ("McCormack"), John Paulson ("Paulson"), and Bryan Mattern ("Mattern") (collectively referred to as "Defendants") alleging violations of the Computer Fraud and Abuse Act

("CFAA"), the Copyright Act, the Lanham Act, the Georgia Computer Systems Protection Act ("GCSPA"), the Georgia Trade Secrets Act ("GTSA"), and the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA").

Defendants have moved to dismiss Plaintiff's Amended Complaint but anticipate asserting counterclaims in the event it is necessary after the Court's resolution of Defendants' motion.

## DISCOVERY PLAN

1. *Written Discovery.*

   a. The parties shall serve their initial disclosures within 20 days after a ruling on the pending motion to dismiss.

   b. The parties may serve written discovery allowed by the Federal Rules of Civil Procedure commencing 30 days after the appearance of any Defendant by Answer pursuant to L.R. 26.2(A).

   c. Written discovery shall be directed to any claims remaining in the lawsuit after resolution of Defendants' pending motion to dismiss and to any counterclaims Defendants may file with the Answer.

   d. Written discovery shall be served within sufficient time for responses to be served in advance of the close of discovery on March 30, 2012 pursuant to L.R. 26.2(A).

e. All motions to compel, if any, shall be filed within the time period specified by L.R. 37.1(B) and in accordance with FRCP 37 and L.R. 37.1(A).

f. The forensic computer-inspection issues to be addressed through written discovery include:

**SUBJECTS IDENTIFIED BY PLAINTIFF**

　　i. To determine the type and nature of the automated computer programs that the OxBlue Defendants used to comb or "ping" EarthCam's systems publicly accessible website;

　　ii. To determine whether OxBlue received proprietary information about EarthCam's technology development from Richard Hermann;

　　iii. To determine and, if applicable, catalogue the specific information and/or code that OxBlue Defendants viewed and/or downloaded onto OxBlue external hard drives or other media for the storage of electronic information from EarthCam's server website (the "EarthCam Downloaded Information");

　　iv. If applicable, to determine whether the Downloaded Information was transferred to other persons, including but not

limited to employees of OxBlue;

v. If it is determined that the Downloaded Information was transferred to other individuals, to identify to whom it was transferred, when it was transferred, and what specifically was transferred to each such person;

vi. To determine which OxBlue employees logged on to EarthCam's servers or website via "Admin access" on May 20 and/or 21, 2011.

vii. To determine what information, if any, was accessed by Defendant McCormack and/or other OxBlue employees on May 20 and/or 21, 2011.

viii. If applicable, to identify the location of all Downloaded Information.

**For the reasons set forth in the correspondence Defendants submitted to the Court in connection with this discovery plan, Defendants object to these subjects to the extent that Plaintiff purports to require a "forensic computer inspection" to ascertain this information. As explained in Defendants' correspondence, Defendants agree to voluntarily provide information on the subjects that Plaintiff is**

able to reasonably identify. For example, Defendants intend to provide information regarding subject (i) in its Initial Disclosures. A costly "forensic computer inspection" is therefore unnecessary as to this subject. The same is true of subjects (iii) through (xiii). Defendants intend to provide Plaintiff with the identity of the specific HTML code that OxBlue viewed.

Defendants have asked for clarity on the subject that Plaintiff is not able to identify the type of data or information it seeks (*e.g.*, subject (ii)). To date, Plaintiff has been unable to provide any additional information regarding specific data or files it contends was misappropriated. On this subject, a "forensic computer analysis" is objectionable because it is unknown what Plaintiff is looking for. It is impossible to conduct a meaningful search of any kind – much less an efficient search – without defining what Plaintiff seeks. Moreover, if Plaintiff is able to identify what it seeks, Defendants can search for and produce such information voluntarily and without resort to costly third-party vendors.

In short, Plaintiff has been unable to explain why a discovery procedure that greatly deviates from the normal protocol under the

5

**Federal Rules is warranted when Defendants have already agreed to produce the information that Plaintiff has been able to reasonably identify.**

SUBJECTS IDENTIFIED BY DEFENDANTS

**Subject to Defendants objections stated above, to the extent the Court directs the parties to submit to a forensic computer analysis of their respective systems, Defendants would respectfully seek a forensic analysis of Plaintiff's computer system on the following subjects:**

ix. To determine whether EarthCam has any evidence that any code or other information was copied or downloaded from its website.

x. To determine whether EarthCam has any evidence that Richard Hermann copied or took in any tangible medium any proprietary information of EarthCam (i.e., whether Mr. Hermann copied or downloaded files or other data from EarthCam's servers).

xi. To determine the type and nature of the automated computer programs that EarthCam used to "ping" OxBlue's publicly

        accessible website.

    xii. To determine and, if applicable, catalogue the specific information and/or code that EarthCam viewed and/or downloaded onto EarthCam's external hard drives or other media for the storage of electronic information from OxBlue's website (the "OxBlue Downloaded Information");

    xiii. If applicable, to identify the location of all OxBlue Downloaded Information.

Plaintiff objects to Defendants proposed discovery as there have been no claims asserted that suggest such examination is necessary or would be productive.

2. *Depositions.* The parties may take depositions as permitted by the Federal Rules of Civil Procedure and the Local Rules. The parties shall work together to schedule depositions for the convenience of the witnesses.

3. *Experts.*

    a. The parties may designate their own technical experts on or before December 30, 2011. Technical expert reports, if any, will be due on or before February 15, 2012. Rebuttal reports will be due on or before March 2, 2012.

b. The parties shall designate damages experts on or before January 31, 2012. Damage expert reports are due on or before February 15, 2012. Rebuttal reports are due on or before March 2, 2012.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), counsel certifies that the foregoing has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

This 8th day of November, 2011.

Respectfully submitted,

| | |
|---|---|
| s/ Elizabeth Ann Morgan | s/ Michael J. Bowers |
| Elizabeth Ann Morgan | Michael J. Bowers |
| Georgia Bar No. 522206 | Georgia Bar No. 071650 |
| Candice D. McKinley | Christopher S. Anulewicz |
| Georgia Bar No. 253892 | Georgia Bar No. 020914 |
| THE MORGAN LAW FIRM P.C. | Matthew B. Ames |
| 260 Peachtree Street | Georgia Bar No. 015898 |
| Suite 1601 | BALCH & BINGHAM LLP |
| Atlanta, Georgia 30303 | 30 Ivan Allen Jr. Blvd. N.W., Ste. 700 |
| TEL: 404-496-5430 | Atlanta, GA 30308 |
| morgan@morganlawpc.com | TEL: 404-261-6020 |
| mckinley@morganlawpc.com | mbowers@balch.com |
| *Counsel for the Plaintiff* | canulewicz@balch.com |
| | mames@balch.com |
| | |
| | Shuli L. Green |
| | Georgia Bar No. 297460 |
| | 215 14th St., NW |
| | Atlanta, Georgia 30318 |
| | Telephone: (404) 547-1902 |
| | Facsimile: (404) 521-4477 |
| | *Counsel for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EARTHCAM, INC., a Delaware corporation; ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION |
| v. ) ) | FILE NO. 1:11-CV-02278-WSD |
| OXBLUE CORPORATION, a Georgia corporation; ) ) | |
| CHANDLER McCORMACK, Individually; ) ) | |
| JOHN PAULSON, Individually; ) | JURY TRIAL DEMANDED |
| and BRYAN MATTERN, Individually; ) ) | |
| ) | |
| Defendants. ) _____) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2011, I filed the **JOINT DETAILED DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

      Michael J. Bowers
      Christopher S. Anulewicz
      Matthew B. Ames

>BALCH & BINGHAM LLP
>30 Ivan Allen Jr. Blvd. N.W., Suite 700
>Atlanta, GA 30308
>Telephone: (404) 261-6020
>Facsimile: (404) 261-3656

I hereby certify further that service was sent by U.S. Mail to the following non-CM/ECF participants:

>Shuli L. Green
>Georgia Bar No. 297460
>215 14th St., NW
>Atlanta, Georgia 30318
>Telephone: (404) 547-1902
>Facsimile: (404) 521-4477

>Respectfully submitted,
>
>s/Elizabeth Ann Morgan
>Elizabeth Ann Morgan
>Georgia Bar No. 522206
>Candice D. McKinley
>Georgia Bar. No. 253892
>THE MORGAN LAW FIRM P.C.
>260 Peachtree Street
>Suite 1601
>Atlanta, Georgia 30303
>TEL: 404-496-5430
>morgan@morganlawpc.com
>mckinley@morganlawpc.com
>*Counsel for the Plaintiff*