IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARTHCAM, INC.,

                **Plaintiff,**

    **v.**                                      **1:11-cv-2278-WSD**

OXBLUE CORPORATION et al.,

                **Defendants.**

## OPINION AND ORDER

This matter is before the Court on EarthCam's Omnibus Emergency Discovery Motion [119] ("Omnibus Motion") and Defendants' Motion to Strike Count I of the Amended Complaint [85] ("Motion for Sanctions"). Also before the Court are OxBlue Defendants' Motion to Strike Expert Report of Mark Gallagher [127] ("Motion to Strike") and Defendants' Motion to File Affidavit of David Gaw [154] ("Motion to Supplement").

## I.    BACKGROUND

In this action, Plaintiff EarthCam, Inc. ("Plaintiff"), a camera technology company, alleges that its competitor, Defendant OxBlue Corporation ("OxBlue"), engaged in various forms of corporate espionage to misappropriate Plaintiff's technologies and customers. The Second Amended Complaint [117], filed

November 6, 2012, asserts claims under the Georgia Trade Secrets Act ("GTSA") (Counts I and II), copyright infringement (Count III), claims under the Computer Fraud and Abuse Act ("CFAA") (Counts IV and V), and contract claims (Counts VI and VII). Defendants are OxBlue, OxBlue's officers Chandler McCormack, John Paulson, and Bryan Mattern, and EarthCam-turned-OxBlue employee Richard Hermann.

On November 17, 2011, shortly after this case was filed, the Court held a status conference during which the parties and the Court discussed the progress of discovery. Because of the competitive nature of the parties' businesses and the sensitivity of the information that would be subject to discovery, the Court suggested that the parties retain a neutral forensic expert to assist with the evaluation of Plaintiff's allegations of an "intrusion" into Plaintiff's computer system and to identify the necessary scope of discovery of confidential, technical information. (See Hr'g Tr., Nov. 17, 2011 [36] at 10–11.[1]) The parties agreed and retained Greg Freemeyer to act as a neutral expert. In suggesting the retention of a neutral expert for the purposes discussed, the Court did not limit the parties' ability or right to retain and designate their own experts for purposes of investigating and prosecuting their claims and defenses asserted in this action.

---

[1] Pincites to ECF documents are to the ECF page numbers.

2

On May 2, 2012, the parties jointly submitted their Third Joint Discovery Plan [51] establishing a discovery schedule for the case.  The plan provided that the "parties shall designate their own technical experts on or before July 5, 2012," with expert reports "due on or before August 20, 2012."  (Third Jt. Disc. Plan [51] ¶ 3.)  The plan further provided that the "parties shall designate damages experts on or before July 5, 2012," with expert reports "due on or before October 1, 2012." (Id.)  The plan established November 19, 2012, as the overall discovery cutoff date.  On May 14, 2012, the Court entered an order, by docket entry, adopting the Third Joint Discovery Plan as the schedule in this matter and setting the discovery deadline as November 19, 2012.[2]

On October 4, 2012, Defendants filed their Motion for Sanctions.  In it, Defendants argue that Plaintiff failed to produce, in discovery, proof of the amount of its damages in the CFAA claim.  Defendants request that the Court sanction Plaintiff by striking its CFAA claim.

On November 2, 2012, the Court held a conference in response to various discovery disputes that had arisen between the parties, including the scope of

---

[2] On November 1, 2012, because the Court granted Plaintiff leave to assert additional claims, the Court modified the schedule by extending the discovery period for Defendants only through December 31, 2012.  (See Order, Nov. 1, 2012 [113].)  No other dates in the schedule were modified.

certain document requests and interrogatories propounded by Plaintiff.  (See
generally Hr'g Tr., Nov. 2, 2012 [116].)  In Request No. 1 of EarthCam's Second
Request for Production of Documents and in Request Nos. 1 to 4 of EarthCam's
Third Request for Production of Documents (collectively, "OxBlue Financial
Information Requests"), Plaintiff seeks documents pertaining to OxBlue's overall
financial information, including "OxBlue's net and gross profit or loss from 2006
to the present," and OxBlue's balance sheets, statements of earnings, trial balances,
and payroll registers "for the last ten fiscal years."  (See Pl.'s Br. [119] at 10–13.)
In Request No. 2 of EarthCam's Second Request for Production of Documents and
in Interrogatory Nos. 1 and 2 of EarthCam's Third Set of Interrogatories
(collectively, "OxBlue Customer Requests"), Plaintiff seeks information and
documents pertaining to OxBlue's customers, including "OxBlue's net and gross
profit or loss" from each customer "acquired since 2006" and various information
pertaining to customers common to Plaintiff and OxBlue.  (See id. at 19–23.)
After considering the breadth of Plaintiff's requests and the confidentiality of the
information sought, the Court held that it would not require Defendants to respond
to the OxBlue Financial Information Requests unless Plaintiff made a threshold
showing that OxBlue used, in its products, the technology alleged to have been
stolen from Plaintiff.  (Hr'g Tr., Nov. 2, 2012 [116] at 9.)  The Court further held

that the OxBlue Customer Requests would be required to be narrowed so as to apply only to customers potentially misappropriated from Plaintiff.  (See id. at 18–19.)

On November 16, 2012, Plaintiff filed its Omnibus Motion, which contains two distinct motions: a motion to compel responses to the OxBlue Financial Information Requests and the OxBlue Customer Requests (the "Motion to Compel") and a motion to modify the case schedule to extend the discovery period (the "Motion to Extend Discovery").  With the Motion to Compel, to show that OxBlue used Plaintiff's technology, Plaintiff submitted its responses to certain of Defendants' interrogatories, along with an expert report authored by Mark Gallagher and an affidavit of Plaintiff's founder and CEO Brian Curry.  On December 2, 2012, Defendants filed their opposition to the Omnibus Motion.  On January 17, 2013, Defendants filed their Motion to Supplement seeking to supplement their opposition with an affidavit contradicting Curry's affidavit.

II.    **DISCUSSION**

A.    Plaintiff's Motion to Compel

In its Motion to Compel, Plaintiff seeks an order requiring Defendants to respond to the OxBlue Financial Information Requests and the OxBlue Customer Requests.

### 1.     *OxBlue Financial Information Requests*

Plaintiff first seeks the production of detailed financial information regarding OxBlue.  Plaintiff argues that the information is relevant to Plaintiff's Copyright Act and GTSA claims because these statutes authorize a plaintiff to recover from a defendant the profits made from, or unjust enrichment attributable to, a defendant's wrongful use of the copyrighted material or misappropriated trade secrets.  See 17 U.S.C. § 504(b); O.C.G.A. § 10-1-763(a).

Rule 26 of the Federal Rules of Civil Procedure authorizes the discovery of "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  The Court may "limit the frequency or extent of discovery otherwise allowed" if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).  At the November 2, 2012, hearing, the Court, applying these principles, found that requiring OxBlue to provide all of the financial information requested, which is highly confidential, would be overly burdensome unless Plaintiff could point to evidence to support that OxBlue actually *used* in its products the copyrighted materials and trade secrets alleged to have been

misappropriated.  Plaintiff did not object to the Court's finding, and it agreed to

submit evidence showing OxBlue's use of Plaintiff's copyrights and trade secrets.

To show that OxBlue wrongfully used its protected material, Plaintiff

describes the following documents received from OxBlue in discovery (identified

by Bates number):

- OXBLUE000704: A June 10, 2009, email in which "McCormack asked Hermann how EarthCam stitched panoramas, and for information on EarthCam's video archiving, as Defendants wanted to get into this area and had ordered a Toshiba IK-WB21A, but could not figure out how to control it in Firefox."  (Pl.'s Ex. A [119-1] at 8.)

- OXBLUE000663: An October 11, 2009, email in which "McCormack let Hermann know that OxBlue was making progress on its Robotic system and that it was designing it in such a way to be more competitive in price and have fewer 'boxes' than the EarthCam system, based on engineering information provided by Hermann."  (Id. at 9.)

- OXBLUE000681 to 682: A January 4, 2010, email exchange in which "Hermann gave McCormack information on how EarthCam used live video on the EarthCam Megapixel Robotic and advised on how to best implement it" and in which "McCormack indicated that OxBlue may forgo this feature due to its limited quality, etc."  (Id. at 10.)

- OXBLUE000624 to 625: An August 25, 2010, email exchange in which McCormack showed Hermann "video of the new OxBlue Robotic System in action, and solicited Hermann's feedback based on comparison to the EarthCam unit."  (Id.)

- OXBLUE003448, 496, and 3545: Documents showing that, in 2009, "OxBlue systems did not feature low voltage disconnect or deep-cycle batteries" and that in 2011, after receiving information about EarthCam's solar systems and "visit[ing] the solar vendor that EarthCam used," OxBlue's "Solar Systems were upgraded to contain Low Voltage Cutoff

technology and deep-cycle batteries." (Id. at 11.)

- OXBLUE000820: A July 14, 2008, email indicating that "Mattern incorporated this technology of the PTZ Video System, based on EarthCam technology provided by Hermann, into an OxBlue interface, and that Hermann tested the system." (Id. at 15.)

The Court finds that these documents are sufficient to show that OxBlue may have either used Plaintiff's technology in its products or used Plaintiff's technology in furthering its own research and design.[3]  Defendants argue that the documents Plaintiff cites are not sufficient "direct evidence" to prove use by OxBlue.  In support of its argument, Defendants rely on Georgia cases holding that liability under the GTSA requires "direct evidence" of misuse of trade secrets. See, e.g., Contract Furniture Refinishing & Maint. Corp. of Ga. v. Remanufacturing & Design Grp. LLC, 730 S.E.2d 708 (Ga. Ct. App. 2012).  The Court, however, is not considering here Defendants' liability, and the Court does not decide whether Plaintiff's supplemental interrogatory responses are sufficient to establish liability.  The Court considers only whether Plaintiff has made a sufficient showing of possible use that its requests for OxBlue's financial information are not simply an unwarranted fishing expedition but reasonably

---

[3] Although Plaintiff did not submit any of the documents cited in the supplemental interrogatory responses, the Court notes that Defendants do not dispute Plaintiff's characterization of the documents.  (See Defs.' Br. [132] at 16–17.)

calculated to lead to the discovery of admissible evidence.  The Court concludes

that Plaintiff has made a sufficient showing, and Plaintiff's motion to compel

responses to the OxBlue Financial Information Requests is granted.[4]

### 2.    *OxBlue Customer Requests*

Plaintiff next seeks the production of detailed information regarding

OxBlue's customers.  Plaintiff argues that customer information is relevant to

Plaintiff's damages to the extent OxBlue acquired the customers from Plaintiff

through trade secret misappropriation.  Defendants do not object to the disclosure

of all customer information, but seek to limit disclosure only to customers who

could have been acquired through misappropriation.  Plaintiff does not object to

---

[4] In addition to the supplemental interrogatory responses, Plaintiff submitted (i) the affidavit of its founder and CEO Brian Curry [119-2] to show that a certain "glitch" in EarthCam's software appeared in OxBlue's software, and (ii) the expert report of Mark Gallagher purporting to show OxBlue's use of Plaintiff's materials. In their Motion to Supplement, Defendants seek to submit additional evidence challenging the validity of Curry's affidavit, and in their Motion to Strike, Defendants request that the Gallagher expert report not be considered.  Because the Court finds that Plaintiff's supplemental interrogatory responses are sufficient to decide the Motion to Compel, the Court does not consider either Curry's affidavit or Gallagher's expert report, and Defendants' Motion to Supplement and Motion to Strike are denied as moot.  In the Motion to Strike, Defendants also seek sanctions because Gallagher's report, as originally filed, contained confidential information protected by the Court's December 16, 2011, Confidentiality and Protective Order [39].  On December 3, 2012, Gallagher's report was removed from the public docket and replaced with a redacted version.  Absent a showing of harm to Defendants based on the short period of public availability of Gallagher's unredacted report, the Court finds that sanctions are not appropriate.

narrowing the requests to potentially misappropriated customers, and it proposes limiting the requests to the following customers: (i) any customer of Plaintiff on March 1, 2006, the date of one of Defendants' alleged misappropriations, that subsequently became a customer of OxBlue; (ii) any customer of Plaintiff on June 20, 2008, the date of Hermann's resignation from Plaintiff, that subsequently became a customer of OxBlue; and (iii) any customer of Plaintiff identified by Hermann to OxBlue in emails, including "OXBLUE3019," dated before June 20, 2010, the date that Hermann's covenant not to compete with Plaintiff expired. The Court finds that these limitations reasonably limit the scope of Plaintiff's requests to those customers who could have been acquired improperly. Plaintiff's motion to compel responses to document requests seeking information on OxBlue's customers is granted based on these limitations.

B.  Plaintiff's Motion to Extend Discovery

In its Motion to Extend Discovery, Plaintiff seeks a modification of the scheduling order governing this case to (i) generally extend the discovery period and (ii) to allow Plaintiff to make an out-of-time designation of an expert. The modification of a scheduling order is governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that "[a] schedule may be modified only for good cause and with the judge's consent."  See Fed. R. Civ. P. 16(b)(4).

     1.    *Extension of Discovery Period*

Plaintiff first argues that it needs additional time to conduct fact discovery because the "initial discovery schedule was disrupted by Hurricane Sandy."  (See Pl.'s Br. [119] at 6.)  Plaintiff does not explain what was "disrupted" (e.g., whether depositions could not be taken, whether certain documents could not be produced, etc.) or what an extension would enable Plaintiff to do that it was precluded from doing because of the storm.  The Court finds that "Hurricane Sandy" is not good cause to modify the existing schedule.

Plaintiff next argues that Defendants produced "thousands of additional documents" just prior to a hearing on November 2, 2012.  (See Pl.'s Br. [119] at 6.) Plaintiff does not explain how the receipt of these documents necessitates additional fact discovery.  For example, Plaintiff has not identified a particular document as raising new issues into which Plaintiff needs to seek additional discovery.  The Court finds that the fact of Defendants' production of documents, three weeks before the discovery deadline, is not, itself, good cause to generally extend the discovery period.

Plaintiff finally argues that it will need to engage in additional discovery after receiving documents in response to its Motion to Compel.  Plaintiff does not explain what discovery it would seek as a result of the receipt of OxBlue's

financial and customer information, and Plaintiff has not provided a sufficient basis to enlarge the discovery period for Plaintiff to engage in additional discovery activity.  The Court notes, however, that the production of additional information by Defendant, as a result of the Court's grant of Plaintiff's Motion to Compel, gives Plaintiff grounds to further clarify its "damages claimed" responses to Defendants' discovery requests.  Accordingly, Plaintiff is allowed thirty (30) days, from the receipt of documents produced by Defendants in accordance with the Court's Order on the Motion to Compel, to submit supplemental responses to Defendants' discovery requests pertaining to Plaintiff's damages.

2.    *Out-of-Time Expert Designation*

Plaintiff next requests leave to make an out-of-time designation of a technical expert.  Plaintiff asserts that it did not timely designate a technical expert because (i) the retention of Freemeyer precluded Plaintiff from engaging its own expert witnesses in this matter and (ii) Defendant's rolling production of documents prevented Plaintiff from learning of its need to engage experts until after the deadline.

As for Freemeyer, the Court proposed the retention of an independent expert to facilitate the parties' early evaluations of Plaintiff's claims while preserving the confidentiality of the parties' technical information.  (See Hr'g Tr., Nov. 17, 2011

[36] at 10–11.)  The Court never ordered, or otherwise indicated, that Plaintiff was limited from retaining its own expert.  That the parties understood they were allowed to engage experts was evidenced in May 2012, when Plaintiff and Defendant submitted the parties' Third Joint Discovery Plan in which Plaintiff and Defendants agreed that they would "designate their *own* technical experts" and "damages experts" by July 5, 2012.  (See Third Jt. Disc. Plan [51] ¶ 3 (emphasis added).)  Plaintiff clearly understood that it could retain its "own" experts.  The Court finds that the retention of Freemeyer did not impede the parties from consulting with or retaining experts, and Freemeyer's engagement does not provide basis for extending discovery.

As for Defendants' rolling document production, Plaintiff argues that it only recently received "evidence that requires a non-party technical expert to examine OxBlue's cameras and to document the use of EarthCam's proprietary technology provided by [Hermann]."  (Pl.'s Br. [119] at 2.)  Plaintiff specifically contends that, after the July 5, 2012, expert designation deadline, Defendants "produced thousands of pages of emails, documents, and other information."  (Id. at 4.)  Plaintiff states that after reviewing these documents, including documents showing specific information given to OxBlue by Hermann and purportedly showing OxBlue's use of Plaintiff's technology, Plaintiff recognized that it needed to retain

13

a technical expert.  Defendants concede that at least one document, labeled

OXBLUE003019, which forms the primary basis of Plaintiff's argument, was not

produced until July 27, 2012.  The Court finds that Plaintiff's late receipt of

documents, after the expert designation deadline, warrants permitting Plaintiff to

designate a technical expert.[5]

The Court allows Plaintiff to designate a technical expert, and to submit an

accompanying expert report, within fourteen (14) days of this Order.  Defendants

must submit a rebuttal report within thirty (30) days of this Order.  Any depositions

of experts must be completed on or before July 1, 2013.

C.      Defendants' Motion for Sanctions

In their Motion for Sanctions, Defendants request that the Court strike

Count I of Plaintiff's Amended Complaint, asserting claims under the CFAA, on

the ground that Plaintiff failed to furnish responses to Defendants' discovery

requests sufficient to establish Plaintiff's claim.  Even if true, Defendants'

argument is not sufficient to warrant a sanction dismissing Plaintiffs' CFAA claim.

Plaintiff is precluded from introducing or relying on, in any motion or at trial, any

---

[5] Defendants argue that other documents relied on by Plaintiff were produced on
July 3, 2012, two days before the expert designation deadline.  The Court finds that
two days is not sufficient time in which to review technical documents and then
hire and designate an expert in response to them.  These documents also warrant
allowing Plaintiff to retain a technical expert.

information or documents that were requested in discovery but not disclosed.  <u>See</u> Fed. R. Civ. P. 37(c)(1).  If Defendants have requested from Plaintiff information establishing their liability under the CFAA and Plaintiff failed to produce it, the lack of evidence could be appropriate in a motion for summary judgment, not a motion for sanctions.  <u>See</u> Fed. R. Civ. P. 56(c)(1)(B).  The Motion for Sanctions is denied.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that EarthCam's Omnibus Emergency Discovery Motion [119] is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1) The Motion to Compel is **GRANTED**, and Defendants are **ORDERED**, within twenty (20) days of this order, to respond to the OxBlue Financial Information Requests and the OxBlue Customer Requests, but narrowed as follows: the OxBlue Customer Requests apply only to (i) any customer of Plaintiff on March 1, 2006, that subsequently became a customer of OxBlue; (ii) any customer of Plaintiff on June 20, 2008, that subsequently became a customer of OxBlue; and (iii) any customer of Plaintiff identified by Hermann to OxBlue in emails, including "OXBLUE3019," dated before June 20, 2010.

15

(2) The Motion to Extend Discovery is **GRANTED IN PART AND DENIED IN PART**.  It is denied with respect to Plaintiff's request to extend the fact discovery period, except that Plaintiff may file supplemental responses to Defendants' discovery requests within thirty (30) of receipt of Defendants' responses to the OxBlue Financial Information Requests and the OxBlue Customer Requests, and it is granted with respect to Plaintiff's request to make an out-of-time designation of a technical expert.  Plaintiff may designate a technical expert, and must submit an accompanying expert report, within fourteen (14) days of this Order.  Defendants must submit a rebuttal report within thirty (30) days of this Order.  Any depositions of experts must be completed on or before July 1, 2013.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Count I of the Amended Complaint [85] is **DENIED**.

**IT IS FURTHER ORDERED** that OxBlue Defendants' Motion to Strike Expert Report of Mark Gallagher [127] and Defendants' Motion to File Affidavit of David Gaw [154] are **DENIED AS MOOT**.

**SO ORDERED** this 17th day of April, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

16