IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARTHCAM, INC.,

        Plaintiff,

v.                                    1:11-cv-2278-WSD

OXBLUE CORPORATION et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendant Richard Hermann's Motion for Sanctions [193].

**I.    BACKGROUND**

Defendant Richard Hermann ("Hermann") argues he is entitled to Rule 11 sanctions against Plaintiff EarthCam, Inc. ("Plaintiff" or "EarthCam") because Plaintiff's claims against Hermann are frivolous, have been asserted for an improper purpose, and are not warranted under existing law. Specifically, Hermann alleges that Plaintiff executed a general mutual release and covenant not to sue Hermann ("the Release"), but that, despite the Release, Plaintiff filed its Second Amended Complaint adding Hermann to this action.

Hermann states that on August 13, 2008, EarthCam signed the Release,

which provides: "This letter will also serve as a mutual release for all claims, liabilities, liens, demands and causes of action known or unknown, fixed or contingent, which either you, Richard Hermann, or EarthCam may have or claim to have against each other and both parties hereby agree not to file a lawsuit to assert such claims."

Hermann states he personally provided EarthCam with a copy of the Release and another copy by letter dated March 27, 2013. Hermann further states that on April 2, 2013, Hermann's counsel notified Plaintiff of its intent to seek Rule 11 sanctions if Plaintiff failed to dismiss its claims against Hermann within 21 days. Plaintiff refused to dismiss Hermann from this action, and Hermann now seeks sanctions against EarthCam.

## II.   DISCUSSION

### A.   Legal Standard

Rule 11 provides that, by submitting a pleading to the court, an attorney certifies that to the best of his knowledge, information, and belief "formed after an inquiry reasonable under the circumstances" the claims in the pleading are not submitted to harass the opposing party, are warranted by existing law, and "have evidentiary support or . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(1),

(b)(2), (b)(3).  Rule 11 further requires a litigant to abandon claims if, after a reasonable opportunity for further investigation or discovery, the claims are no longer tenable.  Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendments; Turner v. Sunguard Bus. Sys., Inc., 91 F.3d 1418, 1422 (11th Cir. 1996) (that complaint contentions were not frivolous at time complaint was filed does not prevent trial court from imposing Rule 11 sanctions for party's continuous advocacy of untenable claims).

If a pleading is submitted in violation of Rule 11 or a party prosecutes untenable claims, a court has the right to impose appropriate sanctions against the attorneys, law firms, parties or anyone else who violated the rule.  Fed. R. Civ. P. 11(c); Battles v. City of Ft. Myers, 127 F.3d 1298, 1300 (11th Cir. 1997) (Rule 11 permits sanctions where an attorney insists upon a position after it is no longer tenable).

Rule 11 Sanctions are intended to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir.2001) (quoting Donaldson v. Clark, 819 F.2d 1551, 1557 (11th Cir. 1987) (en banc)).  Accordingly, sanctions are only warranted where a pleading: (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable

argument to change existing law; [or] (3) is filed in bad faith for an improper purpose.  Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003).

The imposition of sanctions is properly reserved only for those claims that demonstrate "deliberate indifference to obvious facts," rather than those where "the claimant's evidence is merely weak" or where the claimant makes a "novel legal argument."  Id. (quoting Davis v. Carl, 906 F.2d 533, 537-538 (11th Cir. 1990) (noting that sanctions are inappropriate where claim is product of "poor judgment" and are not intended to chill an attorney's enthusiasm in pursuing factual or legal theories).

The evaluation of whether sanctions are warranted is governed by an objective standard:  "whether the motion, pleading or other paper reflected what could reasonably have been believed by the signer at the time of the signing."  Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (quoting Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1331 (11th Cir. 1992)).

    B.    <u>Analysis</u>

EarthCam argues it has a good-faith basis for believing that the Release was obtained through fraud and that, accordingly, it is void.  EarthCam thus argues it was within its rights to assert claims against Hermann despite the existence of the Release and Hermann's multiple threats to file a motion seeking the imposition of

4

sanctions. The Court has not yet ruled on the merits of this issue, but considers only whether EarthCam has a reasonable belief that its claims against Hermann are viable, despite the existence of the Release. EarthCam argues that the basis for the viability of its complaint, and that the Release does not bar the claims, is that the Release is void because it was obtained fraudulently. The Court thus considers whether EarthCam has a colorable argument that the Release is void or voidable.

The parties agree that the Release is a contract governed by New Jersey law. See Kobatake v. E.I. DuPont De Nemours & Co., 162 F.3d 619, 624 (11th Cir. 1998) (citing Darby v. Mathis, 212 Ga. App. 444, 441 S.E.2d 905, 906 (1994)) ("A release or settlement agreement is a contract subject to construction by the court."); Domanske v. Rapid-American Corp., 749 A.2d 399, 402 (N.J. Super. Ct. App. Div. 2000) ("[A] release is merely a form of contract and the general rules that apply to contract interpretation apply to releases."). If a party to a release makes material misrepresentations to induce the other party into signing the release, the release becomes voidable upon the innocent party's discovery of the fraud. See Evangelista v. Pub. Serv. Coordinated Transp., 72 A.2d 534, 536 (N.J. Super. Ct. App. Div. 1950); W. & A.R. Co. v. Atkins, 82 S.E. 139, 140 (1914).

To void a contract based upon fraud in the inducement, the party seeking relief must prove five elements: (1) a false representation or concealment of a

5

material fact; (2) that the defendant knew the representations or concealment were false; (3) an intent to induce the allegedly defrauded party to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damages as a result of the false representations or concealment.  Pacheco v. Charles Crews Custom Homes, 289 Ga. App. 773, 658 S.E.2d 396, 398 (2008); see also Ga. Code Ann. § 13-5-5; Jewish Ctr. of Sussex County v. Whale, 432 A.2d 521, 524 (N.J. 1981) ("A misrepresentation amounting to actual legal fraud consists of a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment.").

    EarthCam argues that Hermann fraudulently induced EarthCam to release Hermann from any and all claims, known and unknown, that EarthCam might, someday in the future, elect to assert against Hermann.  Hermann naturally disputes these charges of fraud.  But what matters here is not whether the fraud actually occurred, but whether EarthCam has a colorable argument that the fraud *might have* occurred.  If that is the case, then EarthCam does not violate Rule 11 by asserting that the Release is void, allowing it to assert claims against Hermann.  The Court thus turns its attention to the allegations of fraud-in-the-inducement that

6

EarthCam levels at Hermann with respect to the circumstances that culminated in the execution of the Release by EarthCam and Hermann.

EarthCam claims the following:

- After Hermann terminated his employment with EarthCam on June 20, 2008, Herman sought payment of $1,038.00 in unpaid expenses from EarthCam.

- During post-termination discussions with Hermann in an email dated July 7, 2008, Nizza, an EarthCam employee, advised Hermann that he had to return all of EarthCam's tools and materials, reminded Hermann that he was bound to the terms and conditions of the non-compete agreement (the "Agreement")[1] he executed as a condition of his employment, and confirmed that Hermann was acting in compliance with the terms and conditions set forth in the non-compete agreement.

- In response to Nizza's email, Hermann represented that "I do not have EarthCam tools." (Nizza Dec II. ¶ 7, Ex. C). As to the reminder that

---

[1] Hermann executed the Agreement when he was employed by EarthCam.

he comply with the terms and conditions of the Agreement, Hermann represented as follows: "I respect the non-compete agreement."

- Hermann's representation that he did not have EarthCam's tools and materials, and that he respected and was acting in compliance with the terms and conditions of the Agreement, were false, and known to be false by Hermann on that date.

- Hermann, aware that he had wrongfully taken EarthCam's Esprit camera and was using EarthCam's confidential and trade secret information in an effort to obtain employment with EarthCam's direct competitor in violation of the terms and conditions of the Agreement, rejected the initial form of EarthCam's release, and insisted on a new version.

- Based upon Hermann's misrepresentations that he did not have any of EarthCam's tools or equipment and that Hermann respected his obligations not to use EarthCam's confidential and trade secret information or consult with EarthCam's competitors, Nizza drafted and executed the Release which Hermann seeks to enforce against EarthCam.

- Had Nizza known or reasonably believed that Hermann had misappropriated EarthCam's trade secrets and transferred them to OxBlue[2] and had wrongfully taken EarthCam's Esprit camera and installed it at Hermann's "friend's" facility while he was communicating with OxBlue to secure employment, Nizza would not have executed the Release.

The Court finds that these allegations are sufficient, albeit barely, to form a basis for the conclusion that some fraudulent inducement occurred. EarthCam's assertion that the Release is voidable is thus at least arguably creditable, and there is an insufficient basis for imposing Rule 11 sanctions.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Richard Hermann's Motion for Sanctions [193] is **DENIED**.

**SO ORDERED** this 26th day of February, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] These are some of the claims EarthCam asserts against Hermann in this case.