IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARTHCAM INC.,

Plaintiff,

v.

OXBLUE CORPORATION, et al.,

Defendants.

1:11-cv-02278-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Richard Hermann's ("Hermann") Request for Leave to File a Supplemental Motion for Summary Judgment [299], and Unopposed Motion for Leave to File a Supplemental Motion for Summary Judgment [301].

## I.     BACKGROUND

On November 6, 2012, EarthCam filed a Second Amended Complaint against Hermann and the OxBlue Defendants.  Count VI of the Second Amended Complaint alleged that Hermann breached the confidentiality provisions of his Employment Agreement when he (1) revealed EarthCam's trade secrets; (2) worked with or for OxBlue; (3) solicited EarthCam's customers; and (4) solicited EarthCam employees to induce those employees to work for OxBlue.

Second Am. Compl. at 24.

On September 27, 2013, Hermann moved for summary judgment on EarthCam's claims, and argued that EarthCam's breach of contract and trade secrets claims were barred "as to any conduct that allegedly occurred prior to August 13, 2008."  Hermann's Mot. for Summ. J. at 6.  Hermann and EarthCam signed a general release on August 13, 2008, releasing all claims, known and unknown, against each other that existed at the time that the release was signed. Hermann did not argue in his Motion for Summary Judgment that EarthCam's breach of contract claim relating to conduct that occurred after August 13, 2008, was also barred by the general release.  Hermann also moved for summary judgment on EarthCam's trade secrets claim—relating to Hermann's conduct prior to and after August 13, 2008—contending that EarthCam failed to produce evidence to support its trade secrets claim.

On September 22, 2014, the Court entered an Order granting the parties' Motions for Summary Judgment.  The Court concluded that EarthCam and Hermann released all claims, including claims based on the Georgia Trade Secrets Act, against each other based on conduct that occurred prior to August 13, 2008. Because Hermann specifically moved for summary judgment on EarthCam's trade secrets claim relating to conduct occurring after August 13, 2008, the Court

analyzed EarthCam's evidence based on post-release events, and concluded that EarthCam's trade secrets claim against Hermann failed as a matter of law. The Court granted Hermann's Motion for Summary Judgment on EarthCam's trade secrets claim. The Court, however, did not rule on EarthCam's claim for breach of contract because the parties did not seek summary judgment on that claim.

On November 26, 2014, Hermann filed a Motion for Leave to File a Supplemental Motion for Summary Judgment on EarthCam's breach of contract claim. Hermann argues that his counsel "believed that all claims were covered by the Motion for Summary Judgment" because arguments regarding the release and the trade secrets claim "encompassed the breach of contract claim, and that the Court's grant of Hermann's Motion disposed of that claim as well." Request to File Suppl. Mot. for Summ. J. at 3. The Court's review of the procedural history of this action does not support Hermann's claim that the breach of contract claim was considered by the Court. It was not.[1]

---

[1] EarthCam, as the party that brought the breach of contract claim, recognized that its breach of contract claim remained pending. On December 5, 2014, after the Court informed the parties that one of EarthCam's claims remained pending, EarthCam voluntarily dismissed its appeal of the Court's Order. On December 11, 2014, Hermann filed an Unopposed Motion for Leave to File a Supplemental Motion for Summary Judgment on EarthCam's breach of contract claim.

## II.    DISCUSSION

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court may allow a party to file an out-of-time Motion for Summary Judgment, for good cause, "if the party failed to act because of excusable neglect."  See Fed. R. Civ. P. 6(b)(1)(B).  To determine whether a party's neglect is excusable, the Court considers: (1) the danger of prejudice to the other party, (2) the reason for the delay, including if the delay was within the control of the movant, (3) the length of the delay, including its impact on the Court, and (4) whether the movant acted in good faith.  Staley v. Owens, 367 F. App'x 102, 105 (11th Cir. 2010).  In considering an out-of-time Motion, the most important factors are the absence of prejudice to the nonmoving party, and the Court's interest in judicial economy.  Id.

The second and third factors do not favor Hermann because he neglected to move for summary judgment on EarthCam's breach of contract claim.  Hermann knows that the breach of contract claim is distinct from a claim brought under the Georgia Trade Secrets Act because he moved to dismiss the breach of contract claim in his Motion to Dismiss.  Hermann's conduct in this litigation is thus inconsistent with his belief that arguments in the Motion for Summary Judgment "encompassed" the breach of contract claim.  The length of the delay is substantial. On September 27, 2013, Hermann filed a renewed Motion for Summary Judgment.

After a fourteen (14) month delay, and only when the Court reminded the parties of EarthCam's pending claim, did Hermann seek leave to file a Supplemental Motion for Summary Judgment on EarthCam's breach of contract claim.

The Court, however, concludes that there is no evidence that Hermann acted in bad faith or that EarthCam will be prejudiced if an out-of-time Motion for Summary Judgment is allowed.  EarthCam, in fact, does not oppose Hermann's request to file a Supplemental Motion for Summary Judgment on the breach of contract claim.  The interest in judicial economy is also served by allowing the out-of-time Motion because discovery has closed, EarthCam's breach of contract claim is, to a considerable extent, intertwined with its trade secrets claim, and the record on the pending claim is complete.  The Court's consideration of Hermann's Supplemental Motion for Summary Judgment may render a trial unnecessary.  See Wood v. Florida Atlantic Univ. Bd. of Trustees, 432 F. App'x 812, 816 (11th Cir. 2011) (affirming the district court's decision to consider an untimely motion to dismiss and motion for summary judgment because considering the motions promoted judicial economy by rendering a trial unnecessary).

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Hermann's Motion for Leave to File a Supplemental Motion for Summary Judgment [299], and Unopposed Motion for Order Granting Motion for Leave to File Supplemental Motion for Summary Judgment [301] are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Hermann shall file a Supplemental Motion for Summary Judgment on or before February 23, 2015. EarthCam's response to the Supplemental Motion shall be filed on or before March 20, 2015.  Hermann's reply to EarthCam's response shall be filed on or before April 3, 2015.

**SO ORDERED** this 30th day of January, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE