IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARTHCAM, INC., a Delaware
corporation,

           Plaintiff,

v.

OXBLUE CORPORATION, a
Georgia corporation, CHANDLER
MCCORMACK, Individually,
JOHN PAULSON, Individually, and
BRYAN MATTERN, Individually,

           Defendants.

1:11-cv-2278-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendants OxBlue Corporation, Chandler McCormack, Bryan Mattern and John Paulson's (together, "OxBlue") Motion for Attorneys' Fees and Expenses Pursuant to FRCP 54(d), L.R. 54.2 and O.C.G.A. § 9-11-68 [311] ("Motion"), and Plaintiff EarthCam, Inc.'s ("EarthCam") Additional Adverse Submissions in Response to the OxBlue

Defendants' Motion for Attorneys' Fees and Expenses [322] (the "Additional Adverse").[1]

## I.    BACKGROUND[2]

On August 1, 2013, OxBlue served an offer of compromise (the "Offer") to EarthCam in accordance with O.C.G.A. § 9-11-68(a).  (See Mot. at Ex. A).  EarthCam did not respond to the Offer within 30 days of service.  (Id. at Ex. B).  OxBlue, therefore, deemed the Offer rejected under O.C.G.A. § 9-11-68(c).  (Id. at 1).

On September 22, 2014, the Court entered an Order [292] granting OxBlue's Motion for Summary Judgment on all of EarthCam's claims.  EarthCam thus did not recover anything in this action, and, on March 31, 2015, judgment was entered in favor of OxBlue [309].  On April 30, 2015, EarthCam filed its Notice of Appeal [313] from the judgment in this case.

On April 14, 2015, OxBlue filed its Motion seeking attorneys' fees and expenses under O.C.G.A. § 9-11-68.  OxBlue argues that, because EarthCam did

---

[1]    EarthCam filed, on May 1, 2015, its Response in Opposition to Defendants' Motion for Attorneys' Fees and Expenses [316].  The arguments set out in this response are included in the Additional Adverse.

[2]    The Court here recites only those facts pertinent to OxBlue's Motion.  A full explanation of the facts of this case is laid out in the Court's Order granting the OxBlue Defendants' Motion for Summary Judgment.  (September 22, 2014, Order [292]).

not recover at least "75 percent of [OxBlue]'s offer of settlement," OxBlue "[is] entitled to recover reasonable attorneys' fees and expenses incurred by [OxBlue] from the date of the rejection of the offer of settlement through the entry of judgment[.]"  O.C.G.A. § 9-11-68(b)(1).  EarthCam opposes the Motion on the grounds that:  (1) O.C.G.A. § 9-11-68 conflicts with federal law and therefore should not be applied; (2) OxBlue's Motion is "premature under the plain language" of O.C.G.A. § 9-11-68; and (3) if the Court applies O.C.G.A. § 9-11-68, the application should be limited in scope, taking into account the varied federal and state claims and counterclaims in this action.  (Resp. [316] at 1-2).

## II.   DISCUSSION

### A.   Applicability of O.C.G.A § 9-11-68 in Federal Court

The Court first addresses whether O.C.G.A. § 9-11-68 applies to this case. EarthCam argues that Fed. R. Civ. P. 68 ("Rule 68") preempts O.C.G.A. § 9-11-68.  (See Resp. at 3-7).  The Court disagrees.

Under the Erie[3] doctrine, a federal court adjudicating state law claims must apply state substantive law and federal procedural law.  See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996).  This rule applies also where a federal court decides supplemental state law claims.  Lundgren v. McDaniel, 814 F.2d

---

[3]   Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

600, 605 (11th Cir.1987); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (indicating that the Erie doctrine applies to supplemental state claims litigated in federal courts); Mace v. Van Ru Credit Corp., 109 F.3d 338, 346 (7th Cir.1997) (holding that in reviewing a state claim pursuant to supplemental jurisdiction, federal courts apply state substantive law and federal procedural law).

In the Eleventh Circuit, to determine whether state or federal law should be applied to a particular issue, the Court must engage in a multi-part analysis. See Wheatley v. Moe's Sw. Grill, LLC, 580 F. Supp. 2d 1324, 1327 (N.D. Ga. Sept. 30, 2008). "The first step is for the court to determine whether state and federal law conflict with respect to the disputed issue." Id. (citing Esfeld v. Costa Crociere, S.PA., 289 F.3d 1300, 1306 (11th Cir. 2002)). "If no conflict exists, then the analysis need proceed no further, for the court can apply state and federal law harmoniously to the issue at hand." Esfeld, 289 F.3d at 1306-1307. If the laws conflict, the Court must determine whether a congressional statute or Federal Rule of Civil Procedure addresses the disputed issue. Wheatley, 580 F. Supp. 2d at 1327 (citing Hanna v. Plumer, 380 U.S. 460, 469-70 (1965)). "If a federal statute or rule does directly cover the disputed issue, the court is to apply federal law. If no federal statute or rule is on point, then the court must determine whether federal

judge-made law, rather than state law, should be applied." Id.  (internal quotation marks and citations omitted).

In Tanker Mgmt., Inc. v. Brunson, 918 F.2d 1524, 1528 (11th Cir. 1990), the Eleventh Circuit applied a "direct collision" test to determine whether a Florida statute similar to O.C.G.A. § 9-11-68 conflicted with Rule 68:

> Appellant's argument in favor of Rule 68 fails initially because Rule 68 is not in "direct collision" with the portion of F.S.A. § 45.061 applicable in this case.  Rule 68 concerns only interest and offers of judgment, while the Florida statute concerns attorney's fees, offers of judgment and settlement offers.  Thus, the circumstances here are similar to those in *Walker v. Armco Steel Corp.,* 446 U.S. 740 [(citations omitted)] (1980), in which the Court in a diversity action was asked to determine whether the federal court should follow state law or, alternatively, Fed. R. Civ. P. 3 in deciding when an action is commenced for the purpose of tolling the state statute of limitations.  In the course of holding that Oklahoma law controlled, the Court stated:  "'[T]he scope of the Federal Rule [is] not as broad as the losing party urge[s], and therefore, there being no Federal Rule which cover[s] the point in dispute, *Erie* command[s] the enforcement of state law.'"  446 U.S. 740, 750 [(citations omitted)] (1980) (citing *Hanna v. Plumer,* 380 U.S. 460, 472 [(citations omitted)] (1965)).

Tanker, 918 F.2d at 1528.

In Wheatley, the Court applied Tanker to determine that "Rule 68 and O.C.G.A. § 9-11-68 are not in 'direct collision' with one another.  Rule 68 is available only to a party defending against a claim, whereas O.C.G.A. § 9-11-68 is available to both plaintiffs and defendants."  580 F. Supp. 2d at 1328.  The Court also determined that the two provisions differ in allowing recovery of costs as well

5

as in allowing the offeror to place conditions on the acceptance of an offer of settlement. Id. at 1328-29. The Court noted that "Rule 68 authorizes offers of judgment, not offers of settlement, as is the case with O.C.G.A. § 9-11-68." Id. at 1328. The Court determined that O.C.G.A. § 9-11-68 "creates a substantive right to attorney's fees . . . ." Id. at 1329. Because the law is substantive and "does not conflict with federal law or rule or procedure, the Court is bound to apply it to this case." Id.

EarthCam argues that Tanker is not controlling, because it concerns the application of a Florida statute to purely state law claims. While Tanker concerned the application of a Florida statute, EarthCam concedes the statute is similar to O.C.G.A. § 9-11-68. (See Resp. at 4). More importantly, while the holding of Tanker is not controlling in this case, the Court is required to apply Tanker's "direct collision" analysis.[4] In Wheatley, the Court conducted this analysis with respect to O.C.G.A. § 9-11-68, and found that it did not conflict with Rule 68.

---

[4] Because the Court is required to apply the "direct collision" analysis as it is applied in Tanker, the Court rejects EarthCam's argument that the Court should apply the purportedly narrower standard articulated in Gil de Rebollo v. Miami Health Ass'ns, Inc., 137 F.3d 56, 65 n.5 (1st Cir. 1998). EarthCam concedes that the Eleventh Circuit's interpretation of the "direct collision" standard is binding on the Court. (Resp. at 6). Indeed, the Eleventh Circuit recently reaffirmed the approach it took in Tanker. See Menchise v. Senterfitt, 532 F.3d 1146, 1152 (11th Cir. 2008).

EarthCam has not offered a compelling reason for the Court not to apply this precedent.  The fact that both Tanker and Wheatley were "pure diversity case[s]," (Resp. at 5), does not change the analysis.  The Erie doctrine applies—and the analysis is identical—where the Court has supplemental jurisdiction over the state law claims.  See Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1259 (11th Cir. 2015) ("It is well established that . . . the Erie doctrine also applies to pendent state claims litigated in federal courts." (internal quotations omitted)).

Accordingly, because O.C.G.A. § 9-11-68 is substantive, and because it does not conflict with Rule 68, O.C.G.A. § 9-11-68 must be applied.

B.   Timeliness of OxBlue's Motion

EarthCam next argues that OxBlue's Motion "is premature under the plain language of the statute."  (Resp. at 2).  O.C.G.A. § 9-11-68(d) states, in relevant part, that "if an appeal is taken from [the] judgment, the court shall order payment of such attorney's fees and expenses of litigation only upon remitter affirming such judgment."  EarthCam cites two cases, Hall v. 84 Lumber Co., No. CV409-057, 2012 WL 1058875, at *1 (S.D. Ga. Mar 28, 2012) and Wheatley, 580 F. Supp. 2d at 1325, in support of its argument that the determination of attorneys' fees and

expenses must wait until EarthCam's appeal is concluded. Neither case is controlling, and neither case is directly on point.

In Hall, the Southern District of Georgia determined that an award of attorneys' fees under O.C.G.A. § 9-11-68 was premature because the court "ha[d] yet to enter any final judgment." 2012 WL 1058875, at *1. The Hall court's conclusion that an award of attorneys' fees was premature was "reinforced by the requirement that a court may only order payment of fees and expenses after either the judgment has been affirmed on appeal or the time to file an appeal has lapsed." Id. The Hall court, however, did not directly address whether an award of attorneys' fees is premature if a final judgment has been entered.

In Wheatley, the Court noted, in passing, that it had "reserved ruling on Defendants' motion until a final disposition was reached by the Eleventh Circuit." 580 F. Supp. 2d at 1325. The Court did not address its reasons for reserving ruling, and did not address the issue whether a ruling on a motion for attorneys' fees under O.C.G.A. § 9-11-68 is premature prior to a disposition on appeal.

The parties have not cited, and the Court is unable to find, any controlling cases on this issue. The statute states that "the court shall order payment . . . only upon remitter affirming such judgment." O.C.G.A. § 9-11-68(d). The plain language of the statute bars the Court from *ordering payment* until its judgment is

affirmed. The statute does not preclude OxBlue from filing its Motion, and does not preclude the Court from ruling on it before EarthCam's appeal is concluded. In the absence of controlling precedent, the Court concludes it is permitted to rule on OxBlue's motion, but not require payment until EarthCam's appeal is concluded.

### C. Challenge to Specific Fee and Expense Amounts under O.C.G.A. § 9-11-68

Finally, EarthCam argues that the attorneys' fees and expenses for which OxBlue seeks to be reimbursed should be reduced because: (1) the attorneys' fees claimed include "substantial time on work related to the federal question claims" (EarthCam's copyright infringement and Computer Fraud and Abuse claims, and OxBlue's copyright infringement and Lanham Act claims); (2) the attorneys' fees claimed "include work on Defendant Richard Hermann's motion for summary judgment on Count VI of EarthCam's complaint that Mr. Hermann agreed he would absorb"; and (3) the attorneys' fees claimed include charges for non-litigation work, which OxBlue's counsel agreed to exclude.[5] (Additional Adverse at 2-3). The Court considers these arguments separately.

---

[5] EarthCam advances additional arguments in the body of the Additional Adverse, which the Court also considers in this Order.

1.     *Federal Question Claims Work*

The claims asserted by EarthCam in this case rest on claimed intrusions by OxBlue into Plainitff's computer system to wrongfully obtain information about EarthCam products.  On this set of facts, EarthCam asserted federal and state law claims based on the alleged intrusions and claimed resulting damages.  These claims, the Court found, failed and were dismissed.  EarthCam now seeks to deconstruct the claims alleged to support its argument that a substantial portion of the attorneys' fees and expenses claimed by OxBlue were for defending EarthCam's summary judgment motion on its federal claims.  OxBlue argues that the interrelationship of EarthCam's federal and state claims resulted in all of the work performed to litigate the federal claims on summary judgment applying equally to litigation of EarthCam's state law claims, thus allowing OxBlue to claim all of the fees and expenses it incurred in this matter from September 1, 2013, to that date judgment was entered in OxBlue's favor on all claims.  Put another way, OxBlue argues that all work performed was required for the state law and federal law claims in this case and because no work applied to the federal claims alone, all of the attorneys' fees and expenses charged are reasonable under O.C.G.A. § 9-11-68.  The amount for which OxBlue is allowed to be compensated under O.C.G.A. § 9-11-68 is between these two outlier positions.

It is impossible to reconstruct the time allocated to each different claim in a case like this where federal and state claims, arising from the same essential operative facts, substantially overlap and where the litigation activity benefits advocacy on both sets of claims.  In the Court's practice and judicial experience in cases like these, the better approach is to evaluate what legal services and expenses would have been incurred if EarthCam had not asserted its federal claims, and relied only on its state law causes of action.  Considering the contentiousness of this litigation, the level of legal services and fees to litigate the federal claims only moderately added to the litigation activity required in this action after September 1, 2013, and thus a substantial portion of the attorneys' fees and legal services claimed by OxBlue were incurred to litigate state law-based claims.

OxBlue's "we are entitled to all the award we claimed" approach itself ignores that it necessarily incurred some attorneys' fees and expenses that were required solely because of the federal law claims EarthCam asserted.  The Court agrees that arguments in pleadings relating to EarthCam's federal claims, drafting of a discussion of the legal claims asserted, and a discussion of the facts relating to the federal claims were activities uniquely required by the fact federal claims were asserted.  These activities must reasonably be deducted from the attorneys' fees claims OxBlue asserts.

The Court reviewed the annotated statements attached to EarthCam's Additional Adverse and the arguments set out by both parties. Based on this review and applying the Court's litigation and judicial experience in assessing attorneys' fees and expenses in civil litigation, the Court concludes that OxBlue's attorneys' fees and expense claim should be reduced by $23,000 to reflect work reasonably allocated to its litigation of only the federal claims asserted in this action.

### 2. *Hermann Summary Judgment Motion Attorneys' Fees and Expenses*

EarthCam argues that the Consent Order entered in this action on March 31, 2015, precludes an award of attorneys' fees and expenses incurred by Defendant Hermann's separate counsel. The Court is satisfied that the charges EarthCam challenges were related to OxBlue's litigation of the claims in which it was involved, and EarthCam's request to exclude them is denied.

### 3. *Smith Fees*

OxBlue agrees it is not entitled to be compensated for services performed by Ms. Smith on March 3, 4 and 14, 2014. EarthCam's request to exclude these fees, in the amount of $1,065.00, is granted.

### 4.   *Gregory's Travel Expenses*

EarthCam contends OxBlue is not entitled to be compensated for the work and travel performed by an attorney for OxBlue who was employed in OxBlue's counsel's Jacksonville, Florida office.  EarthCam argues that "clients often do not pay for travel time even for trips required by litigation events such as out-of-state depositions."  (Additional Adverse at 16).  OxBlue represents that Gregory's travel and work was specific to this case and Gregory was assigned to perform it because it was efficient and cost effective to do so.  EarthCam's argument, nitpicking at best, does not provide any basis to exclude the amount claimed for Gregory's work.

### 5.   *Pre-September 1, 2013*

Finally, EarthCam seeks to reduce OxBlue's claim for two transcripts of depositions taken in August 2013, and one meal consumed in August 2013, before OxBlue's demand under O.C.G.A. § 9-11-68 was deemed rejected.  OxBlue states that it is "not seeking to recover attorneys' fees and expenses that occurred in August 2013," and does not specifically oppose the reduction of the transcript and meal expense.  (Reply [323] at 13).  The amounts, totaling $6,931.85, are required to be deducted from OxBlue's claim for expenses.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants OxBlue Corporation, Chandler McCormack, Bryan Mattern and John Paulson's (together, "OxBlue") Motion for Attorneys' Fees and Expenses Pursuant to FRCP 54(d), L.R. 54.2 and O.C.G.A. § 9-11-68 [311] is **GRANTED IN PART AND DENIED IN PART**, as stated in this Order. After applying the deductions required by this Order, OxBlue is awarded attorneys' fees and expenses in the total amount of $292,611.17.

**IT IS FURTHER ORDERED** that enforcement of this judgment is stayed until Plaintiff EarthCam, Inc.'s appeal to the Eleventh Circuit is concluded.

**SO ORDERED** this 29th day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE